Argued and submitted March 18, remanded with instructions May 1, 1985

# PENDLETON WOOLEN MILLS,
*Petitioner,*

*v.*

# ANDREWS et al,
*Respondents.*

## (84-AB-1115; CA A33223)

698 P2d 986

John C. Stevason, Portland, argued the cause for petitioner. With him on the brief was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

No appearance for respondent Beverly A. Andrews.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of an order of the Employment Appeals Board which affirmed the referee's decision upholding claimant's entitlement to unemployment compensation benefits.

Claimant sought benefits for the week of April 15, 1984, through April 21, 1984. The record is somewhat confusing, and the referee's decision aids very little in unraveling the basis for the decision. It appears from the evidence presented that claimant was a regular full-time employe of employer. During the week in question, she worked on Wednesday and Thursday but was off work on Monday and Tuesday due to illness. She did not work on Friday, because it was a holiday; she nevertheless was paid her regular wages for Friday.

The referee stated the issues to be:

"Was claimant unemployed, able to work, available for work, and actively seeking and unable to obtain suitable work? (See ORS 657.155 and OAR 471-30-036.); Is claimant subject to disqualification because claimant failed without good cause to accept suitable work when offered? (See ORS 657.176 and OAR 471-30-038.)"

The referee made no written findings of fact but adopted the findings of fact and conclusions in the administrative decisions.

There were two administrative decisions entered the same day, apparently addressing separate issues. One decision recited:

"1. You were offered work as a clothes stacker with Pendleton Woolen Mills on April 16, 1984 and April 17, 1984.

"2. You refused this offer of work because of medical reasons.

"3. You were physically unable to work those two days.

"CONCLUSION AND REASONS: You refused an offer of work with good cause. You refused the offer of work because of medical reasons. You physically could not work."

The second administrative decision stated:

"1. You claimed benefits for the period April 15, 1984, through April 21, 1984.

"2. During this period you were unable to work two days, April 16 and April 17, 1984.

"3. The normal work week of your employer is five days a week.

"CONCLUSION AND REASONS: In order to be eligible for benefits, you must be able to work. However, an occasional or temporary disability for less than half the normal work week shall not result in a finding that you are not able to work. You were able to work the major portion of the normal work week. You were able to work."

The referee noted in the opinion that claimant was a regular employe but inexplicably failed to address a primary issue that he posed: Was she unemployed? ORS 657.155 says:

"(1) An *unemployed* individual shall be eligible to receive benefits with respect to any work only if the assistant director finds that:

"* * * * *

"(d) He has been *unemployed* for a waiting period of one week." (Emphasis supplied.)

We cannot discern from the record a basis for the implied finding that claimant was unemployed. All we can tell is that claimant, a regular full time employe, was off work for two days during the week due to illness.

Remanded for determination of whether claimant was unemployed during the week in question or for the waiting period.